UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MYRIAD SOFTWARE LLC,<br><br>                    Plaintiff(s),<br><br>        v.<br><br>MICROSOFT CORPORATION,<br><br>                    Defendant(s). | CASE NO. C25-2358-KKE<br><br>ORDER DENYING IN PART AND DEFERRING RULING IN PART PLAINTIFF'S MOTION FOR *EX PARTE* TRO |

Plaintiff filed a motion for an *ex parte* temporary restraining order (Dkt. No. 2), but has not satisfied the requirements for *ex parte* relief. The local rules of this district provide that "[m]options for temporary restraining orders without notice to and an opportunity to be heard by the adverse party are disfavored and will rarely be granted." Local Rules W.D. Wash. LCR 65(b)(1). The local rules go on to advise:

> Unless the requirements of [Federal Rule of Civil Procedure] 65(b) for issuance without notice are satisfied, the moving party must serve all motion papers on the opposing party, by electronic means if available, before or contemporaneously with the filing of the motion and include a certificate of service with the motion. The motion must also include contact information for the opposing party's counsel[.]

*Id*. Federal Rule of Civil Procedure 65(b)(1)(B) requires that a court may issue an *ex parte* TRO only if the moving party's attorney describes in writing any efforts made to give notice and the reasons why it should not be required.

ORDER DENYING IN PART AND DEFERRING RULING IN PART PLAINTIFF'S MOTION FOR EX PARTE TRO - 1

Plaintiff's motion does not comply with the requirements of the local or federal rules, in that it does not include a certification of the notice efforts made nor does it address why an *ex parte* TRO is appropriate.  Accordingly, the Court DENIES IN PART Plaintiff's motion insofar as it requests *ex parte* relief.  Plaintiff is ORDERED to serve the motion (Dkt. No. 2) immediately on Defendant and to file a proof of service on the docket.  The Court thus DEFERS ruling on Plaintiff's motion until after Defendant has received notice and has had an opportunity to respond.

Dated this 24th day of November, 2025.

Kymberly K. Evanson
United States District Judge